UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUCIAN ALAN GREEN, )<br>    No. 476028, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TONY CRAWFORD, et al., )<br>)<br>    Defendants. ) | NO. 3:16-cv-01540<br>JUDGE CRENSHAW |

## **M E M O R A N D U M**

Plaintiff, an inmate of the Robertson County Detention Center in Springfield, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Robertson County Detention Center, Tony Crawford, Linda Royer, Kyle Noland, Coty Harris, Tammy Parks, and Zachary Posey, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). As relief, the Plaintiff seeks damages in the amount of $144,462.50 and reinstatement of the sentence credits to which he alleges he is entitled after having lost his job as a jail trustee. (*Id*. at p. 4).

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.   Alleged Facts**

The complaint alleges that, on March 9, 2016 while incarcerated at the Robertson County Detention Center, Defendant corrections officers Royer, Noland, Harris, and Posey administered drug screens to the thirteen inmates housed in "R" pod, including the Plaintiff. The "R" pod houses the jail trustee inmates. According to the complaint, the drug screening process utilized by the Defendants was tainted, and therefore the results of the testing are unreliable.

The Plaintiff's drug test yielded a positive result and, as a result, the Plaintiff was removed from his trustee position. Because he was no longer a trustee, the Plaintiff no longer accrued "2 for 1" sentencing credits. According to the complaint, if applied, these sentencing credits earned by trustees would have resulted in the Plaintiff being released two and a half years earlier than he now will be. (Doc. No. 1 at pp. 2-4).

**IV.   Analysis**

First, the complaint names the Robertson County Detention Center as a Defendant. However, the Robertson County Detention Center, like any other jail or workhouse, is a place; it is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005

WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Robertson County Detention Center, and all claims against the Robertson County Detention Center will be dismissed.

Next, the complaint alleges that the drug testing on March 9, 2016, was riddled with errors, resulting in a false positive for the Plaintiff and the consequent loss of his trustee position. Because the Plaintiff was not able to challenge the results of his drug test and because the loss of his trustee position deprived the Plaintiff of the accrual of "2 for 1" sentencing credits to which the Plaintiff believes he is entitled, the Plaintiff maintains his federal due process rights have been violated.

As to the Plaintiff's loss of his trustee job, a prisoner does not have a constitutional right to a particular job, or to any job at all for that matter. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). Rather, prison administrators may assign inmates jobs and wages at their discretion. Miller v. Campbell, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000).

In addition, Tennessee law and regulations do not create a right to earn sentence credits. See Tenn. Code Ann. § 41-21-236(a)(2)(2014). Thus, there is no right to due process in connection with segregation, transfer, or classification decisions that have such an uncertain effect on a particular inmate's release. See Frazier v. Hesson, 40 F. Supp.2d 957, 964, 966 (W.D. Tenn. 1999)(explaining that Heck and Balisok "reinforce the Court's conclusion that neither confinement to segregation, transfers, nor increased security classifications constitute custody because they do

not directly lengthen the duration of confinement" and, further, "In Tennessee . . . the effect of sentence credits is only to affect a release eligibility date, which is nothing more than a unilateral expectancy. It is thus devoid of due process protections."). Were the Plaintiff challenging the loss of accrued sentence credits, the court's analysis would be different under <u>Sandin v. Conner</u>, 515 U.S. 472, 484-87 (1995). However, "'the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.' <u>Wolff v. McDonnell</u>, 481 U.S. 539, 557 (1974), despite the undoubted impact of such credits on the freedom of inmates." <u>Hewitt v. Helms</u>. 459 U.S. 460, 467-68 (1983). Thus, the Plaintiff has no due process claim because he was deprived of the <u>opportunity</u> to earn sentence credits, not to sentence credits he already had earned.

**V.     Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE